## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |  |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 11-CV-128 |
| | ) | |
| v. | ) | |
| | ) | |
| JADE INVESTMENTS GROUP LLC, JADEFX LTD aka JADEFX LLC, and JACOB JUMA OMUKWE, | ) | |
| | ). | |
| Defendants. | ) | |

## CONSENT ORDER OF PERMANENT INJUNCTION, CIVIL MONETARY PENALTY AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANTS

On March 1, 2011, U.S. Commodity Futures Trading Commission (the "Plaintiff" or "Commission") filed a *Complaint for Injunctive Relief, Civil Monetary Penalties and Other Equitable Relief* ("Complaint") against Jade Investments Group LLC ("Jade"), JadeFX LTD aka JadeFX LLC ("JadeFX"), and Jacob Juma Omukwe ("Omukwe") (collectively, "Defendants"). The Complaint seeks injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 1 *et seq*. (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008

1

("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 *et seq*., and the Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq*. (2010).

## I.

## CONSENTS AND AGREEMENTS

To effect settlement of the matters alleged in the Complaint in this action prior to a trial on the merits or further judicial proceedings, Defendants:

1.    Consent to the entry of this Consent Order of Permanent Injunction, Civil Monetary Penalty and For Other Equitable Relief ("Order");

2.    Affirm that the individual Defendant and the authorized representatives of the corporate Defendants have read and agree to this Order voluntarily, and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Order, other than as set forth specifically herein;

3.    Acknowledge service upon them of the summons, Complaint, and this Order;

4.    Admit this Court's personal and subject matter jurisdiction over them and this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006);

5.    Admit that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006);

6.    Waive:

2

a.      All claims that may be available to them under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and Part 148 of the Commission's Regulations, 17 C.F.R. §§ 148.1, *et seq*. (2010), relating to, or arising from, this action and any right pursuant to EAJA to seek costs, fees and other expenses relating to or arising from this action;

b.      All claims that may be available to them under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to or arising from this action;

c.      Any claim of Double Jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief;

d.      All rights of appeal in this action;

7.      Agree that they will not oppose enforcement of the Order on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waive any objections based thereon;

8.      Consent to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Order, to assure compliance with this Order, and for any other

3

purposes relevant to this action, even if they now, or in the future, reside or conduct business outside the jurisdiction;

9.     Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating, or tending to create the impression that the Complaint or this Order is without a factual basis; provided, however, that nothing in this provision shall affect their (i) testimonial obligations; or (ii) right to take legal positions in other proceedings to which the Commission is not a party.  Defendants shall take all steps necessary to ensure all of their agents and employees comply with this provision;

10.     Neither admit nor deny the allegations of the Complaint or the Findings of Fact and Conclusions of Law contained in this Order, except as to jurisdiction and venue, which the Defendants admit.  However, the Defendants agree and intend that the allegations of the Complaint and all of the Findings of Fact and Conclusions of Law contained in this Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of any subsequent action to enforce the terms of this Order and any bankruptcy proceeding filed by, on behalf of, or against them.  No provision of this Order shall in any way limit or impair the ability of any person to seek any legal or equitable remedy against Defendants, or any other person in any other proceeding;

4

11.     Agree to provide immediate notice to this Court and the Commission by certified mail of any bankruptcy proceeding filed by, on behalf of, or against them;

12.     Agree that they will provide notice to this Court and the Commission by certified mail of any change to their contact telephone number(s) and/or mailing address(es) within ten (10) calendar days of the changes(s); and

13.     Consent to the continued jurisdiction of this Court for the purposes of determining the amounts of restitution, disgorgement, and civil monetary penalties to be paid by them and enforcing the terms and conditions of this Order.

## II.

## FINDINGS AND CONCLUSIONS

### A. Findings of Fact

1.     **Plaintiff Commodity Futures Trading Commission** is a federal independent regulatory agency that is charged by Congress with the administration and enforcement of the Act, 7 U.S.C. §§ 1 *et seq*. (2006), and the Regulations there under, 17 C.F.R. §§ 1.1 *et seq.* (2010).

2.     **Jacob Juma Omukwe** is a Canadian citizen who resides in Wisconsin Dells, Wisconsin, from where he operates JadeFX and Jade.  Omukwe is the owner of both JadeFX and Jade.  Omukwe has never been registered with the Commission in any capacity.

3.  **Jade Investments Group, LLC** is a Wisconsin limited liability company.  Its

5

principal place of business is in Wisconsin Dells, Wisconsin. Jade was incorporated in July of 2007 for the purpose of foreign exchange trading. Jade has never been registered with the Commission in any capacity. Jade is not a financial institution, registered broker dealer, insurance company, financial holding company, or investment bank holding company, or an associated entity of such entities.

4.   **JadeFX LTD aka JadeFX LLC**, is a corporate entity with its principal place of business in Wisconsin Dells, Wisconsin. JadeFX was originally incorporated in Belize City, Belize, and subsequently organized as a Wisconsin limited liability company under the name JadeFX LLC on or about April 30, 2010. JadeFX has never been registered with the Commission in any capacity. JadeFX is not a financial institution, registered broker dealer, insurance company, financial holding company, or investment bank holding company, or an associated entity of such entities.

5.   Starting no later than June 2009, Omukwe, individually and in his capacity as an officer, employee, and agent of JadeFX and Jade, began soliciting customers by offering forex trading.

6.   According to the "customer account agreement" that each customer enters into with JadeFX, "JadeFX Ltd is a counterparty to a trader's transactions." The "customer account agreement" explicitly states that all forex trading is on a leveraged or margined basis.

7.   Although the Defendants' website, www.jadefx.com, contains many contradictory

6

statements that appear to be the product of the Defendants having "lifted" statements from various other websites hosted by legitimate forex dealers, the JadeFX website repeatedly represents that: (1) all customer funds are traded in forex, (2) customer funds are "completely segregated from JadeFX's operating accounts," and (3) customer funds are protected in the event of "any bankruptcy proceedings."

8.      Omukwe, through representations on the website, further claims that JadeFX is operated out of Belize and does not conduct business in the United States.

9.   All of the representations contained in paragraphs 7 through 8 are false.  The Defendants do not trade forex with all of customer funds, Defendants do not segregate customer funds or separate customer funds from JadeFX's operating accounts, Defendants do not provide bankruptcy protection for customer money, and JadeFX operates out of Wisconsin Dells and not Belize.  Defendants conduct business in the United States.  Omukwe knows all of these representations were false because, as detailed below, he personally operates all aspects of Jade and JadeFX, and controls the bank accounts and customer funds.

10.      Defendants operate a web of corporate bank and PayPal accounts to accept customer funds.  Customers wire or deposit money into six different corporate bank accounts and two PayPal accounts.  An analysis of these JadeFX and Jade corporate bank accounts reveals there are no separate bank accounts for customer money.  Instead of segregating customer

money, Omukwe, using bank accounts held under the names of JadeFX and Jade, commingles customer funds, which are thereafter exclusively controlled by Omukwe.

11.     From June 2009 to January 27, 2010, Defendants solicited and accepted over $400,000 from customers all over the world, including U.S. customers, using the misrepresentations on the JadeFX website. However, during this eight month period, JadeFX had no forex trading account to place forex trades on behalf of customers.

12.     Defendants, through Omukwe, commingle customer funds in various accounts in the name of JadeFX and Jade.

13.     From January 27, 2010, until the present, Defendants solicited and received funds from customers using the misrepresentations on the JadeFX website. Omukwe, through Defendants, misappropriates customer funds by (1) transferring customer funds into a forex account in the name of JadeFX exclusively controlled by Omukwe and (2) keeping the remaining funds, in bank accounts exclusively controlled by Omukwe.

14.     Omukwe, through Defendants, further misappropriates customer funds by paying JadeFX's expenses and Omukwe's personal expenses out of JadeFX and Jade bank accounts that are funded by customer money. For example, Omukwe uses customer funds in these bank accounts to pay for insurance, an employee's salary, federal taxes, utility bills, computers, and meals, among other things.

15.     Furthermore, Omukwe routinely makes cash withdrawals and writes checks to

8

himself from the corporate bank accounts that hold customer money.

16.      In order to foster the false impression that customer money is segregated from that of JadeFX, customers can download a software program from the Defendants' website that purportedly enables customers to place forex trades in the customer's account.  While Defendants create the appearance of segregated accounts for customers using the software program, in fact no such accounts exist.

17.      In reality, customers who send funds to the JadeFX or Jade bank accounts have no control over their funds once the money is sent to the Defendants' bank accounts, which are controlled by Omukwe.

18.      Omukwe, through the JadeFX website, asserts that JadeFX operates outside of the United States, does not do business in the United States, and is immune from federal and state laws in the U.S., including the Act.  All of these representations are false.

19.      Numerous documents demonstrate that the Defendants conduct business in the United States.  For example: Jade's and JadeFX's bank account records show that (1) Jade and JadeFX opened twelve accounts with U.S. banks, (2) six out of twelve bank accounts accept funds from U.S. customers, (3) Omukwe, through Defendants, used corporate bank accounts to pay for personal and business expenses in the United States, such as, a U.S. employee's salary, and (4) Omukwe makes cash withdrawals from banks in Wisconsin.  Additionally, JadeFX's and Jade's bank account records also reveal that on March 17, 2010 and on May 7, 2010, Omukwe

9

went into a U.S. bank's branch office in Baraboo, Wisconsin and opened new bank accounts for Jade and JadeFX respectively, using a Wisconsin mailing address for Jade and JadeFX that is identical to Omukwe's residential address in Wisconsin.

## B. Conclusions of Law

20.    This Court has jurisdiction over this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order there under.

21.    Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), in that Defendants are found in, inhabit, or transact business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District, among other places.

22.    By the conduct described in Section II.A above, Defendants violated Sections 4b(a)(2)(A) and (C) of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XII (the CFTC Reauthorization Act of 2008 ("CRA")) § 13102, 122 Stat. 1651 (enacted June 18, 2008) to be codified at 7 U.S.C. §§ 6b(a)(2)(A) and (C).

10

23.     In addition, JadeFX and Omukwe violated Section 2(c)(2)(C)(iii)(I) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I) and Commission Regulations 5.3(a)(6)(i) and (ii), 75 Fed. Reg. 55,410, 55,433 (Sept. 10, 2010) (to be codified at 17 C.F.R. §§ 5.3(a)(6)(i) and (ii)) for failing to register as a retail foreign exchange dealer and an associated person of a retail foreign exchange dealer, respectively.

24.     Omukwe committed the acts and omissions described in Section II.A above within the course of his employment at, or agency with, JadeFX and Jade; therefore, JadeFX and Jade are liable under Section 2(a)(1)(B) of the Act, 7 U.S.C. § 2(a)(1)(B) (2006), and Regulation 1.2, 17 C.F.R. § 1.2 (2010), for violations committed by their agent Omukwe.

25.     Omukwe is the controlling person of JadeFX and Jade, and failed to act in good faith or knowingly induced, directly or indirectly, the acts constituting the violations alleged herein. Omukwe is therefore liable for JadeFX's and Jade's violations of the Act and Commission Regulations, respectively, as amended by the CRA, pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2006).

## III.

### PERMANENT INJUNCTION

This Court, being fully advised in the premises, finds that there is good cause for the entry of this Order and that there is no just reason for delay. This Court therefore directs the entry of a permanent injunction, orders Defendants to pay restitution, disgorgement, and a civil

monetary penalty in amounts to be determined at a later date, and orders other equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), as set forth herein.

A.     **IT IS HEREBY ORDERED** that Defendants Jade, JadeFX and Omukwe, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with defendants who receive actual notice of this Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, are permanently restrained, enjoined, and prohibited from directly or indirectly:

1.     Violating Section 4b(a)(2)(A) and (C) of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XII (the CFTC Reauthorization Act of 2008 ("CRA")) § 13102, 122 Stat. 1651 (enacted June 18, 2008) to be codified at 7 U.S.C. §§ 6b(a)(2)(A) and (C); and

2.     Violating Section 2(c)(2)(C)(iii)(I) of the Act, 7 U.S.C. § 2(c)(2)(C)(iii)(I) and Commission Regulations 5.3(a)(6)(i) and (ii), 75 Fed. Reg. 55,410, 55,433 (Sept. 10, 2010) (to be codified at 17 C.F.R. §§ 5.3(a)(6)(i) and (ii)); and

3.     In or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of section 5a(g) of the Act, that is made, or to be

12

made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market–

(A)     cheating or defrauding or attempting to cheat or defraud the other person;

(B)     willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; [or]

(C)     willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contact for or, in the case of paragraph (3), with the other person.


B.      **IT IS HEREBY FURTHER ORDERED** that Defendants Jade, JadeFX and Omukwe are permanently restrained, enjoined, and prohibited from directly or indirectly:

1.      trading on or subject to the rules of any registered entity (as that term is defined in Section 1a of the Act, as amended by the CRA and the Dodd-Frank Act, to be codified at 7 U.S.C. § 1a);

2.      entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in

13

Commission Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2010))

("commodity options"), and/or foreign currency (as described in Sections

2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA and the

Dodd-Frank Act, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i))

("forex contracts") for their own personal account, proprietary account or for

any account in which they have a direct or indirect interest;

3. having any commodity futures, options on commodity futures, commodity

   options and/or forex contracts traded on their behalf;

4. controlling or directing the trading for or on behalf of any other person or

   entity, whether by power of attorney or otherwise, in any account

   involving commodity futures, options on commodity futures, commodity

   options and/or forex contracts;

5. soliciting, receiving or accepting any funds from any person for the

   purpose of purchasing or selling any commodity futures, options on

   commodity futures, commodity options and/or forex contracts;

14

6.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010); and

7.    acting as a principal (as that term is defined in Commission Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2010)), agent or any other officer or employee of any person (as that term is defined in Section 1a of the Act, as amended, to be codified at 7 U.S.C. § 1a) registered, exempted from registration or required to be registered with the Commission except as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2010).

8.    Engaging in any business activities related to commodity interest trading.

**C.**    **IT IS HEREBY FURTHER ORDERED** that the injunctive provision of this Order shall be binding upon Defendants Jade, JadeFX and Omukwe, upon any person who acts in the capacity of agent, employee, attorney, and/or assign of Defendants Jade, JadeFX and Omukwe and upon any

15

person who receives actual notice of this Order, by personal service or otherwise, insofar as he or she is acting in active concert or participation with Defendants Jade, JadeFX and Omukwe.

IV.

**RESTITUTION, DISGORGEMENT AND CIVIL MONETARY PENALTY**

**IT IS HEREBY ORDERED** that Defendants Jade, JadeFX and Omukwe shall comply fully with the following terms, conditions and obligations relating to the payment of restitution, disgorgement, and a civil monetary penalty:

**A.     Restitution and Disgorgement**

1.      Defendants Jade, JadeFX and Omukwe shall jointly and severally pay full restitution and disgorgement, plus post-judgment interest. The restitution amount is to be determined at a later date by agreement between the Commission and the Defendants within one hundred eight (180) days of the date of this Order, or if the parties cannot agree as soon as possible thereafter by the Court after an evidentiary hearing.

2.      Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3.      The procedure for the payment and distribution of restitution and disgorgement shall be determined by the Court at a later date.

**B.      Civil Monetary Penalty**

1.      Defendants Jade, JadeFX and Omukwe shall each pay a civil monetary penalty, plus post-judgment interest.  The civil monetary penalty amount is to be determined at a later date by agreement between the Commission and the Defendants within one hundred eight (180) days of the date of this Order, or if the parties cannot agree as soon as possible thereafter by the Court after an evidentiary hearing.

2.      Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

3.      Defendants Jade, JadeFX and Omukwe shall pay this civil monetary penalty by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attn:  Marie Bateman – AMZ-300
> DOT/FAA/MMAC
> 6500 S. MacArthur Blvd.
> Oklahoma City, Oklahoma 73169
> Telephone: 405-954-6569

17

If payment is to be made by electronic funds transfer, Defendants Jade, JadeFX and Omukwe shall contact Marie Bateman or her successor at the above address to receive payment instructions and shall fully comply with those instructions. The paying Defendant shall accompany payment of the penalty with a cover letter that identifies the paying Defendant and the name and docket number of the proceedings. The paying Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Director, Division of Enforcement, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, N.W., Washington, D.C. 20581, and the Chief, Office of Cooperative Enforcement, at the same address.

**C.    Priority Of Monetary Sanctions And Partial Payments**

1.    All payments by Defendants Jade, JadeFX and Omukwe pursuant to this Order shall first be applied to satisfaction of their restitution obligations. After satisfaction of the restitution obligations, payments by Defendants Jade, JadeFX and Omukwe pursuant to this Order shall be applied to satisfy their disgorgement obligations. After satisfaction of the disgorgement obligations, payments by Defendants Jade, JadeFX and Omukwe pursuant to this Order shall be applied to satisfy their civil monetary penalty obligations.

2.    Any acceptance by the Commission of partial payment of Defendants Jade's, JadeFX's and/or Omukwe's restitution obligations, disgorgement obligations, and/or civil monetary penalty(s) shall not be deemed a waiver of the respective requirement to make further

18

payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

## V.

## MISCELLANEOUS PROVISIONS

### IT IS FURTHER ORDERED THAT:

1.     Jurisdiction: This Court shall retain jurisdiction of this case to determine the amount of Defendants Jade's, JadeFX's and Omukwe's restitution, and civil monetary penalty obligations, assure compliance with this Order and for all other purposes related to this action.

2.     Interpretation and Enforcement: This Order shall be interpreted and enforced according to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Wisconsin, and all provisions of the Act and Commission Regulations, relating or referring to the obligations hereunder.

3.     Notices: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to the Commission:
        Attention - Director of Enforcement
        Commodity Futures Trading Commission
        Division of Enforcement
        1155 21st Street N.W.
        Washington, DC 20581

4.     Waiver: The failure of any party to this Order or of any participant/investor at any time to require performance of any provision of this Order shall in no manner affect the right of the party or participant/investor to enforce the same or any other provision of this Order at a later time. No waiver in one or more instances of the breach of any provision contained in this Order shall be deemed or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Order.

5.     Acknowledgements: Upon being served with a copy of this Order after entry by this Court, Defendants Jade, JadeFX and Omukwe shall sign an acknowledgment of service and serve the acknowledgment on this Court and the Commission within seven (7) calendar days.

6.     Invalidation: If any provision or the application of any provision of this Order is held invalid, the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

7.     Entire Agreement and Amendments: This Order incorporates all of the terms and conditions of the settlement among the parties hereto. Nothing shall serve to amend or modify this Order in any respect whatsoever, unless: (1) reduced to writing; (2) signed by all parties hereto; and (3) approved by order of this Court.

8.     Counterparts and Facsimile Execution. This Agreement may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and

20

delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all

parties need not sign the same counterpart.  Any counterpart or other signature to this Agreement

that is delivered by any means shall be deemed for all purposes as constituting good and valid

execution and delivery by such party of this Agreement.


SO AGREED on this __4 *TH*__ day of March, 2011.


Plaintiff

U.S. Commodity Futures Trading
Commission

By
Tracey Wingate
Trial Attorney
Division of Enforcement,
U.S. Commodity Futures Trading
Commission
1155 21st, N.W.
Washington, DC 20581
(202) 418-5306

Defendant Jacob Juma Omukwe

By: _____
Jacob Juma Omukwe


Defendant Jade Investments Group LLC

By: _____
Corporate Representative


Defendant JadeFX LTD aka JadeFX LLC

By: _____
Corporate Representative

21

**SO ORDERED**, at Madison, Wisconsin, this _____ day of March, 2011.

WILLIAM M. CONLEY
CHIEF JUDGE
WESTERN DISTRICT OF WISCONSIN

22